IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY SEYMOUR, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC and SYNCHRONY BANK, | ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No.

## COMPLAINT

### PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer, Tracy Seymour, against Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax") and Synchrony Bank ("Synchrony"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq*.

### THE PARTIES

1. Plaintiff Tracy Seymour is an adult individual residing in Comer, Georgia.

2. TransUnion is a Delaware limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

3. Experian is an Ohio corporation registered to conduct business in the Commonwealth of Pennsylvania.

4. Equifax is a Georgia limited liability company registered to conducts business in the Commonwealth of Pennsylvania.

5. Synchrony is an online bank that regularly conducts business in the Commonwealth of Pennsylvania with a principal place of business located at 777 Long Ridge Road, Stamford, CT 06902.

## JURISDICTION & VENUE

6. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because Defendants possess sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

8. Ms. Seymour is a "consumer" as that term is defined by the FCRA. 15 U.S.C. §1681a(c).

9. Trans Union, Experian and Equifax are "consumer reporting agencies" as that term is defined by the FCRA. 15 U.S.C. §1681a(f).

10. Trans Union, Experian and Equifax have been and continue to sell credit reports about Plaintiff.

11. The credit reports sold by Trans Union and Experian are "consumer reports" as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

12. Synchrony is a "furnisher" as that term is defined by the FCRA. 15 U.S.C. §1681s-2(b).

13. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

14. The inaccurate information includes, but is not limited to, a Synchrony credit card account where the outstanding balance was paid in full in December 2023, but Plaintiff's credit report show the balance as due and owing.

15. This inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

16. Plaintiff has disputed the inaccurate information with Defendants by following Trans Union, Experian and Equifax's established procedures for disputing consumer credit information.

17. Plaintiff has disputed the inaccurate information with Trans Union and Experian from January 2025 through the present.

18. Upon information and belief, Trans Union, Experian and Equifax provided Synchrony with notice of Plaintiff's disputes.

19. Notwithstanding Plaintiff's efforts, TransUnion, Experian and Equifax have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Trans Union, Experian and Equifax continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Trans Union, Experian and Equifax have repeatedly published and disseminated consumer reports to such third parties from at least January 2025 through the present.

20. TransUnion, Experian and Equifax negligently and recklessly failed to conduct reasonable investigations of Plaintiff's disputes, *inter alia*, by: failing to conduct any investigation into the account at all; failing to review and consider the information submitted by Plaintiff; failing to contact Plaintiff to elicit more specific information about her disputes; failing to contact persons

or entities with knowledge about the account; and failing to properly communicate the substance of the disputes to the relevant furnishers of the account at issue.

21. TransUnion, Experian and Equifax also acted recklessly, *inter alia*, by routinely conducting investigations in the manner described above, and further, knew or should have known that the way they investigate disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

22. Synchrony has also negligently and recklessly failed to conduct timely and reasonable investigations after receiving notice of Plaintiff's disputes from Trans Union, Experian and Equifax, *inter alia*, by: failing to conduct any investigation into the account at all; failing to properly review the relevant account information; failing to review and consider information submitted by Plaintiff; failing to contact Plaintiff to elicit more specific information about her disputes; failing to contact persons or entities with knowledge about the account; and/or failing to report the account as disputed.

23. Synchrony also acted recklessly, inter alia, by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

24. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

### COUNT I – TRANS UNION, EXPERIAN AND EQUIFAX VIOLATIONS OF THE FCRA

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. Trans Union, Experian and Equifax violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing consumer reports about Plaintiff as described above. 15 U.S.C. § 1681e(b).

29. Trans Union, Experian and Equifax also violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff's disputes as described above. 15 U.S.C. §1681i(a).

30. The conduct of Trans Union, Experian and Equifax was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

31. As a result of the violations of the FCRA by Trans Union, Experian and Equifax identified herein, these Defendants are liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

## COUNT II – SYNCHRONY
## VIOLATIONS OF THE FCRA

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Synchrony violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiff's disputes as described above. 15 U.S.C. § 1681s-2(b).

34. The conduct of Synchrony was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiff as described above.

35. As a result of the violations of the FCRA by Synchrony identified herein, this Defendant is liable to Plaintiff for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

## JURY TRIAL DEMAND

36. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)  Actual damages;

(b)  Statutory damages;

(c)  Punitive damages;

(d)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e)  Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**GORSKI LAW, PLLC**

GREGORY GORSKI
PA Attorney ID: 91365
One Penn Center
1617 JFK Boulevard, Suite 1888
Philadelphia, PA 19103
Tel: 215-330-2100
Email: greg@greggorskilaw.com

Attorneys for Plaintiff

Dated: March 7, 2025